Citation Nr: 1617324 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 13-09 118A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in Waco, Texas


THE ISSUE

Entitlement to an initial rating in excess of 50 percent for service-connected post-traumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Orfanoudis, Counsel

INTRODUCTION

The Veteran served on active duty from February 1973 to March 1975.

This appeal to the Board of Veteran's Appeals (Board) arose from a January 2011 rating decision in which the RO granted service connection and assigned an initial 10 percent rating for PTSD, effective March 3, 2009. In April 2011 the Veteran filed a notice of disagreement (NOD) with the assigned disability rating. In a March 2013 rating decision, the RO assigned a higher, initial 50 percent rating, also effective March 3, 2009. Thereafter, the RO issued a statement of the case (SOC) reflecting the award of the initial 50 percent rating, but denial of a rating in excess of 50 percent, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals ) in April 2013. 

In November 2015, the Veteran testified during as Board video-conference hearing before the undersigned Veterans Law Judge. A copy of the transcript of that hearing has been associated with the record.

Because the Veteran has disagreed with the initial rating assigned following the award of service connection, the Board has characterized this claim in light of the distinction noted in Fenderson v. West, 12 Vet. App. 119, 126 (1999) (distinguishing initial rating claims from claims for increased ratings for already service-connected disability). Moreover, although the RO granted a higher initial rating during the pendency of the appeal, inasmuch as higher ratings for this disability are available, and the Veteran is presumed to seek the maximum available benefit for a disability, the claim for a higher rating remains viable on appeal. Id.; AB v. Brown, 6 Vet. App. 35, 38 (1993).

This appeal has primarily been processed utilizing the Veterans Benefits Management System (VBMS), a paperless, electronic claims processing system. The Veteran also has a file in the Virtual VA paperless, electronic, claims processing system, which contains medical records relevant to this claim. The remaining documents in Virtual VA are either duplicative of evidence in VBMS or are irrelevant to the issue on appeal.

For the reasons expressed below, the claim on appeal is being remanded to the agency of original jurisdiction (AOJ). VA will notify the Veteran when further action, on his part, is required.


REMAND

The Board's review of the claims file reveals that additional AOJ action in this appeal is warranted. 

The Veterans last had a VA examination for evaluation of his psychiatric disability in March 2013. During the November 2015 Board hearing, the Veteran testified that his service-connected psychiatric disability has worsened appreciably since March 2013. Specifically, he testified that he was experiencing increased nightmares, sleep disturbance, depression, and mood swings, despite his medications. He added that, as a result, he was seeing his therapist every two and a half to three months.

In light of the Veteran's statements indicating possible worsening of his psychiatric disability since his last examination, the Board finds that the Veteran should be afforded a new VA examination to obtain medical information as to the current nature and severity of his service-connected disability. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995). 

The Veteran is hereby advised that a failure to report to the scheduled examination, without good cause, may result in the denial of his claim. See 38 C.F.R. § 3.655 (2015). Examples of good cause include, but are not limited to, the illness or hospitalization of the Veteran and death of an immediate family member.

Prior to arranging for the Veteran to undergo further examination, to ensure that all due process requirements are met, and the record before the examiner is complete, the AOJ should undertake appropriate action to obtain and associate with the claims file all outstanding, pertinent records.

It appears that the Veteran receives his primary psychiatric treatment at the VA Mental Health Center in Fort Worth, Texas, and records dated up to May 2012 are on file. However, as more recent records likely exist, the AOJ should obtain from that facility (and any associated facility(ies)) mental health records dated from May 2012 forward. In this regard, the Board points out that records generated by VA facilities that may have an impact on the adjudication of a claim are considered to be constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). 

The AOJ should also give the Veteran another opportunity to provide information and/or evidence pertinent to the claim on appeal, explaining that he has a full one-year period for response. See 38 U.S.C.A § 5103(b)(1); but see also 38 U.S.C.A. § 5103(b)(3) (clarifying that VA may make a decision on a claim before the expiration of the one-year notice period). The AOJ should specifically request that the Veteran furnish, or furnish appropriate authorization to obtain, all outstanding, pertinent private (non-VA) medical records.

Thereafter, the AOJ should attempt to obtain any additional evidence for which the Veteran provides sufficient information and, if needed, authorization, following the current procedures prescribed in 38 C.F.R. § 3.159 (2015). 

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). However, identification of specific actions requested on remand does not relieve the AOJ of the responsibility to ensure full compliance with the VCAA and its implementing regulations. Hence, in addition to the actions requested above, the AOJ should also undertake any other development and/or notification action deemed warranted prior to adjudicating the claim on appeal. 

The AOJ's adjudication of the claim should include consideration of whether "staged rating" of the disability (assignment of different ratings for distinct periods of time, based on the facts found), pursuant to Fenderson, supra, is appropriate. The AOJ should consider all evidence added to the record since the last adjudication of the claim in July 2013.

Accordingly, this matter is hereby REMANDED for the following action:

1. Obtain from the VA Mental Health Center in Fort Worth, Texas (and any associated facility(ies)) all outstanding, pertinent records of mental health evaluation and/or treatment of the Veteran, dated since May 2012. Follow the procedures of 38 C.F.R. § 3.159 (2015) as regards requesting records from Federal facilities. All records and/or responses should be associated with the claims 

2. Furnish to the Veteran and his representative a letter requesting that the Veteran provide information and, if necessary, authorization, to obtain any additional evidence pertinent to the claim on appeal that is not currently of record. Specifically request that the Veteran provide, or provide appropriate authorization t to obtain, any outstanding, pertinent private (non-VA) medical records.

Clearly explain to the Veteran that he has a full one-year period to respond (although VA may decide the claim within the one-year period).

3. If the Veteran responds, obtain all identified evidence treatment not currently of record, following the procedures set forth in 38 C.F.R. § 3.159 (2015). All records and responses received should be associated with the claims file. If any records sought are not obtained, notify the Veteran and his representative of the records that were not obtained, explain the efforts taken to obtain them, and describe further action to be taken.

4. After all records and/or responses are associated with the claims file, arrange for the Veteran to undergo VA examination, by an appropriate mental health professional, for evaluation of his service-connected psychiatric disability.

The contents of the entire electronic claims file (in VBMS and Virtual VA) to include a complete copy of this REMAND) must be made available to the individual designated to examine the Veteran, and the examination report should include discussion of the Veteran's documented medical history and assertions. All indicated tests and studies (to include psychological testing, if warranted) should be accomplished (with all findings made available to the examiner prior to the completion of his or her report), and all clinical findings should be reported in detail.

The VA examiner must identify all current psychiatric symptoms and manifestations, as well indicate their nature and severity, in accordance with applicable rating criteria.

In particular, the examiner should render specific findings with respect to the existence and extent (or frequency, as appropriate) of: memory loss; depressed mood; anxiety; panic attacks; sleep impairment; impaired judgment, speech, impulse control and/or thought processes; neglect of personal hygiene and appearance; suicidal ideation; delusions and/or hallucinations; gross impairment in thought processes or communication; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); and disorientation to time or place.
Further, based on review of the Veteran's documented medical history and assertions, the examiner should also indicate whether, at any time since the March 3, 2009, effective date of the award of service connection, the Veteran's service-connected psychiatric disability as changed in severity; and if so, the approximate date(s) of any such change(s), and the extent of severity of the disability at each stage. 

All examination findings/testing result, along with complete, clearly-stated rationale for the conclusions reached, must be provided.

5. To help avoid future remand, ensure that all requested actions have been accomplished (to the extent possible) in compliance with this REMAND. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. Stegall v. West, 11 Vet. App. 268 (1998).

6. After completing the requested actions, and any additional notification and/or development deemed warranted, readjudicate the claim on appeal in light of all pertinent evidence (to include all that added to VBMS and/or Virtual VA since the last adjudication), and legal authority (to include consideration of whether staged rating of the disability, pursuant to Fenderson (cited above), is warranted).

7. If the benefit sought on appeal remains denied, furnish to the Veteran and his representative an appropriate supplemental SOC that includes clear reasons and bases for all determinations, and afford them the appropriate period for response .

The purpose of this REMAND is to afford due process and to accomplish additional development and adjudication; it is not the Board's intent to imply whether the benefits requested should be granted or denied. The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).